**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| SHAWALTO WATTS,<br>    Plaintiff,<br><br>vs.<br><br>SMP AUTOMOTIVE,<br>    Defendant. | **CIVIL ACTION: 2:19-00907-KD-B** |
| SHAWALTO WATTS,<br>    Plaintiff,<br><br>vs.<br><br>NORTH AMERICA ONSITE,<br>    Defendant. | **CIVIL ACTION: 2:19-00908-TFM-B** |
| SHAWALTO WATTS,<br>    Plaintiff,<br><br>vs.<br><br>TEAM SOLUTIONS,<br>    Defendant. | **CIVIL ACTION: 2:19-00909-TFM-B** |

**ORDER**

This action is before the Court on Defendants' joint motion to transfer venue to the Northern District of Alabama (Doc. 10) and Plaintiff's Notice of No Objection (Doc. 18).

On March 6, 2020, the above-referenced cases were consolidated, and the Court ordered Plaintiff to show cause as to why the case should not be transferred to the Northern District of Alabama. (Doc. 16). Specifically, pursuant to Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. § 2000e-5 *et seq.*, Watts filed a race and color discrimination case against Defendants related to his employment at SMP Automotive Systems, Alabama, Inc.'s Cottondale, AL (Tuscaloosa

1

County, AL) facility.  Per Defendants: "Plaintiff's claims ... arise out of his assignment to work at SMP Automotive Systems Alabama, Inc.'s facility, which is located within the jurisdiction of the District Court for the Northern District of Alabama in Cottondale, Alabama."  (Doc. 10 at 5).  Defendants assert the complaint: "offer[s] no facts demonstrating that venue is proper in the District Court for the Southern District of Alabama[;]" "[t]here is no allegation or assertion that Plaintiff's employment records are or were maintained in counties in the....Southern District of Alabama[;]" and "[t]here is no allegation that Plaintiff worked or performed services for Defendants anywhere other than SMP Automotive Systems Alabama, Inc.'s Cottondale, Alabama facility."  (Id.)  Defendants seek to transfer venue to the Northern District of Alabama based on Section 2000e–5(f)(3), Section 1404(a), *and* Section 1406(a), claiming it is in the interest of justice and for the convenience of the parties and witnesses.  (Id.)  Plaintiff does not oppose Defendants' venue transfer request.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Section 1406(a) provides: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought[]")).  Title VII's venue provision provides:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3).

2

Pritchett v. Paschall Truck Lines, Inc., 714 F.Supp.2d 1171, 1173 (M.D. Ala. 2010). The decision to transfer venue is a matter of broad discretion for the Court. See, e.g., Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 654 (11th Cir. 1993) (same); Hajhossein v. City of Statesboro, Ga., 2009 WL 10712951, *2 (M.D. Ga. Jul. 6, 2009) (same); Lewis v. Madison Cty. Bd. of Ed., 678 F.Supp.1550, 1551-1552 (M.D. Ala. 1988) (granting transfer after the court's consideration of the Section 2000e–5(f)(3) and Section 1404(a) factors).

Defendants rely upon Section 2000e–5(f)(3), Section 1404(a), *and* Section 1406(a) as grounds for the motion to transfer venue. As recently expressed in Thomas v. Road & Rail Servs., 2019 WL 2179564, *1 (M.D. Ala. Apr. 9, 2019):

> It is well-settled law in this Circuit that this provision, rather than the general venue statute 28 U.S.C. § 1391, governs venue in Title VII actions. *See Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) ("Title VII claims are governed by § 2000e–5(f)(3), and these venue provisions set forth the exclusive venues for Title VII claims [...]"); *Kravec v. Chicago Pneumatic Tool Co.*, 579 F. Supp. 619, 622 (N.D. Ga. 1983) (The "general venue statute, 28 USC § 1391, did not provide an additional place of venue where the terms of § 2000e–5(f)(3) were not met," and upon reviewing the "clear language of § 2000e–5(f)(3)" the court found that "the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear.' ")

Moreover, as explained in Martin v. Ingalls Shipbuilding, 2013 WL 5350880, *3-4 and note 1 (S.D. Ala. Sept. 24, 2013) (Order adopting R&R):

> [1] While the defendant references 28 U.S.C. § 1404(a) with respect to its alternative motion to transfer venue.... it then proceeds to argue that venue is improper in this district based upon Title VII's venue provisions ....... a § 1406(a) transfer argument. ..... § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.") presupposes that venue is proper in the district in which the case is filed. *See Dubin v. United States,* 380 F.2d 813, 816 (5th Cir.1967) ("In substance, § 1404 is the statutory enactment of the doctrine of forum non conveniens tempered to allow transfer rather than dismissal. By contrast, § 1406 operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there."); *Ford v. Supreme Court of Florida,* 2006 WL 1382075, *6 n. 15 (M.D.Fla. May 18, 2006) ("28 U.S.C. § 1406(a) ... governs

3

actions filed in an improper venue[ ] as opposed to § 1404(a), which governs actions filed in [a] permissible yet inconvenient venue."); *Thornton v. Toyota Motor Sales U.S.A., Inc.,* 397 F.Supp. 476, 477 (N.D.Ga.1975) ("Since venue is improper in this court, transfer under 28 U.S.C. § 1404(a) is foreclosed.... Therefore, the question now becomes whether the case should be dismissed or transferred under 28 U.S.C. § 1406(a)[.]").

\*\*\*

The general venue provisions contained in 28 U.S.C. § 1391 are inapplicable to Title VII employment discrimination cases ... because Title VII has its own venue provisions. *See, e.g., Pinson v. Rumsfeld,* 192 Fed.Appx. 811, 817 (11th Cir. May 18, 2006) ("The venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and [ ] the more general provisions of § 1391 are not controlling in such cases."), *cert. denied,* 549 U.S. 1066, 127 S.Ct. 698, 166 L.Ed.2d 539 (2006). ...

\*\*\*

42 U.S.C. § 2000e–5(f)(3). Pursuant to these provisions, therefore, an action may be brought "(1) in any district court in a state where the alleged Title VII violation occurred; (2) in the judicial district where the employment records that pertain to the alleged Title VII violation are maintained; (3) in the judicial district where plaintiff would have worked had there been no Title VII violation; and, if none of the previous three conditions exist, (4) in the judicial district where the defendant's principal office is located." *Pritchett v. Paschall Truck Lines, Inc.,* 714 F.Supp.2d 1171, 1173 (M.D.Ala.2010). And where, as here, venue is questioned, the plaintiff has the burden of establishing that "venue in the forum is proper." *Vinson, supra,* 192 Fed.Appx. at 817.....

\*\*\*

....In light of the foregoing, venue is clearly improper in the Southern District of Alabama. Where venue is improperly laid in a district, as here, § 1406(a) directs the court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* This language is "sufficiently broad 'to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue [,]' ..... *Pritchett, supra,* 714 F .Supp.2d at 1175, citing and quoting *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 & 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962). .....

Regarding the relevant factors: 1) the alleged Title VII violation occurred in the Northern District of Alabama; 2) the employment records pertaining to the alleged Title VII violation are maintained in the Northern District of Alabama; and 3) plaintiff would have worked in the Northern District of Alabama had there been no Title VII violation. And, even though #1-3 are met, there is no allegation that Plaintiff worked anywhere other than at Defendants' office in the Northern District of Alabama. Moreover, Plaintiff does not oppose Defendants' motion.

4

Upon consideration, "because venue is improperly laid in the Southern District of Alabama, transfer of venue pursuant to 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought[]").... is appropriate ..." Martin, *supra* at *3. As such, it is **ORDERED** that Defendants' *unopposed* motion to transfer venue (Doc. 10) is **GRANTED** and that this action is hereby **TRANSFERRED** to the Northern District of Alabama.

**DONE** and **ORDERED** this the **24th** day of **March 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**